IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

JOHN LARSEN, on behalf of himself
and all others similarly situated,

            Plaintiff,

vs.

NATIONAL ACCOUNT SYSTEMS
OF OMAHA, LLC and MATTHEW
P. SAATHOFF,

            Defendants.

Case No.:

**COMPLAINT
and
JURY DEMAND**

**(Class Action)**

## I.    INTRODUCTION

This is a consumer credit class action brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA" or "Act") and the Nebraska Consumer Protection Act ("NCPA") Neb. Rev. Stat. § 59-1601 *et seq*. Plaintiff John Larsen, on behalf of himself and all persons similarly situated, seeks a declaratory judgment, injunctive relief, actual and statutory damages against the Defendant debt collectors National Account Systems of Omaha, LLC (NAS) and Matthew P. Saathoff. Plaintiff's claims arise from Defendants' routine practices of filing collection complaints in Nebraska County Courts (1) which seek an award of statutory attorneys' fees when the account does not fit under Neb.Rev.Stat. § 25-1801 and/or (2) which did not inform the recipient that a request for verification of the debt must be made "in writing." Defendants'

actions violate 15 U.S.C. § 1692e, § 1692e(2)(A), § 1692e(2)(B), § 1692e(5), § 1692e(9), § 1692e(10), § 1692f, § 1692f(1), and § 1692g(a)(4) and (5). Plaintiff also alleges that each challenged practice violates the NCPA.

## II. JURISDICTION

1. Subject matter jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331 and 1337. Jurisdiction over the supplemental state law claim arises under 28 U.S.C. § 1367.

2. In personam jurisdiction exists and venue is proper as Defendant NAS is a Nebraska Corporation which regularly does business in this district. The individual Defendant Matthew P. Saathoff is a Nebraska resident practicing law in this state and the challenged practices occurred in this jurisdiction. Plaintiff is a resident of this district and the alleged violations occurred here. See 28 U.S.C. § 1391.

## III. PARTIES

3. Plaintiff John Larsen ("Mr. Larsen") is an adult individual residing in Omaha, Douglas County, Nebraska. At all times material hereto, Mr. Larsen and each member of the class he seeks to represent are "consumers" as that term is contemplated in § 1692a of the Act.

4.      Defendant National Account Systems of Omaha, LLC ("NAS"), is a Nebraska corporation engaged in the business of collecting debts due or alleged to be due to others across the state of Nebraska, with its principal place of business in Omaha, Nebraska. NAS is a "debt collector" as that term is contemplated in § 1692a(6) of the Act. NAS has direct involvement in the actions challenged in this lawsuit.

5.      Defendant Matthew P. Saathoff is an attorney representing Defendant NAS and is himself engaged in the business of collecting debts due or alleged to be due to others across the state of Nebraska. Mr. Saathoff is a "debt collector" as that term is contemplated in § 1692a(6) of the Act and has personal involvement in the actions challenged in this lawsuit.

6.      Defendants are all entities or individuals who contributed to or participated in, or authorized, and/or implemented the policies and procedures regarding the acts complained of or conspired with the named Defendants to commit the acts complained of which caused injuries to the Plaintiff and the class**.** Each Defendant acted as principal and agent, each of the other, and combined and concurred each with the others in committing the acts complained of herein.

7. At all times relevant hereto, each of the Defendants were, and are now, the agent, servant, employee and or/ other representative of the other Defendant and in doing the things herein alleged, were acting within the scope, purpose and authority of such agency, service, employment and/or other representative capacity with the permissions, knowledge, consent and ratification of the other Defendant.

## IV. FACTUAL ALLEGATIONS

8. On or about April 12, 2017, Defendants filed their standard county court collection complaint against Plaintiff John Larsen in an action entitled, *"National Account Systems of Omaha, LLC v. John Larsen"* in the County Court of Douglas County, Nebraska, at Case No. CI 17-4882. The individual attorney Defendant Matthew P. Saathoff appears as attorney of record in this county court case. A true and correct copy of said collection complaint is attached hereto as Exhibit A and incorporated herein by this reference.

9. Exhibit A was the initial communication from Defendant Mr. Saathoff to Mr. Larsen regarding this matter.

10. Mr. Larsen's alleged Debt was incurred primarily for personal, family, or household purposes – dental services. (Hereinafter "the Debt")

11. Defendants in their collection lawsuit against Mr. Larsen sought to recover statutory attorneys' fees pursuant to Neb.Rev.Stat. § 25-1801.

12. In the Larsen collection lawsuit, (Exhibit A) Defendants sought to collect "for accounts assigned in the sum of $606.94," for "services." Exhibit A reads:

> **2. Defendant is indebted to the Plaintiff for accounts assigned in the sum of $606.94 with interest at 0% per year.**
>
> **3. That said indebtedness is due for services rendered between Defendant and THOMSEN DENTAL GROUP; Plaintiff's Assignor [sic]**

Paragraph 4 of the collection complaint, (Exhibit A) reads in part:

> **"that Plaintiff is entitled to a <u>reasonable attorney fee to be taxed as part of the costs</u> herein against Defendant." (Emphasis added.)**

13. This language is misleading to an unsophisticated consumer because under Neb.Rev.Stat. § 25-1801, costs are allowed upon filing the lawsuit but attorney fees are only allowed upon judgment being taken. Also misleading is the defendant's characterization of the nature of the account which Mr. Larsen allegedly owes. An account stated and does not fit under the purview of Neb.Rev.Stat. § 25-1801, which results in the defendants demanding and collecting more than is owed.

14. Defendants filed an Affidavit stating that the office of Defendant Saathoff mailed Mr. Larsen the Summons and Complaint from the county court case CI 17-4882 on April 13, 2017.

15. The letter mailed to Mr. Larsen containing the Summons and Complaint is postmarked April 20, 2017, indicating that Defendants' Affidavit is false.

16. The last page of the Larsen County Court collection lawsuit (<u>Exhibit A</u>) is entitled "NOTICE REQUIRED BY THE FAIR DEBT COLLECTION PRACTICES ACT, (the Act), 15 U.S.C., Section 1601, as amended." (Hereinafter, "the NOTICE")

17. Paragraph # 4 of the NOTICE states: "If the debtor notifies the creditor's attorney within thirty days of the receipt of this notice that the debt or any portion thereof is disputed, the creditor's attorney will obtain a verification of the debt and a copy of the verification will be mailed to the debtor by the creditor's attorney."

18. Paragraph # 5 of the NOTICE states: "If the creditor named as Plaintiff in the attached Summons and Complaint is not the original creditor, and if the debtor makes a request to the creditor's attorney within thirty days from the receipt of this notice, the name and address of the original creditor will be mailed by the creditor's law firm."

19. Defendants failed to inform Mr. Larsen and members of the class that in order to obtain verification of the alleged debt or the identity of the original creditor the request or dispute must be "in writing" pursuant to 15 U.S.C. § 1692g(a)(4) and (5). Mr. Larsen and the class he seeks to represent have the right

not to be misled regarding the right to request verification or validation of the alleged account when that request or dispute must be in writing.

20. Defendants' practice is to include the above described NOTICE in each collection complaint filed in Nebraska County Courts.

21. Mr. Larsen was confused by the NOTICE.

22. Defendants have injured Mr. Larsen and the members of the class by demanding and collecting statutory attorney fees under Neb.Rev.Stat. § 25-1801 when the accounts do not meet its statutory requirements.

23. Defendants have injured Mr. Larsen and the members of the class by failing to inform class that to obtain verification of the alleged debt or the identity of the original creditor the request or dispute must be "in writing."

## V. DEFENDANTS' ROUTINE PRACTICES

24. It is Defendants' routine practice to file county court collection complaints in the form of <u>Exhibit A</u> which request an award of attorneys' fees.

25. It is Defendants' policy and practice to miscast their accounts as ones for "services" for the purpose of availing themselves of attorneys' fees award pursuant Neb. Rev. Stat. § 25-1801.

26. It is Defendants' routine practice to seek and collect attorneys' fees in addition to principal even though their standard collection complaints do not plead the mandatory language or meet the necessary requirements for being

awarded either attorney fees or interest.

27. Defendants routinely file and prosecute said collection lawsuits against consumers in Nebraska.

28. It is the Defendants' routine policy to include with each collection complaint filed in Nebraska County Courts the NOTICE which does not inform the recipient that in order to obtain verification of the alleged debt or the identity of the original creditor the request or dispute must be "in writing" pursuant to 15 U.S.C. § 1692g(a)(4) and (5).

## VI. CLASS ALLEGATIONS

**FDCPA CLASS**

29. This action is brought as a class action on behalf of a class defined as: (i) all persons with addresses in Nebraska (ii) to whom Defendants sent, or caused to be sent, a county court collection complaint in the form of Exhibit A (iii) in an attempt to collect an alleged obligation (iv) which, as shown by the nature of the alleged obligation, Defendants' records, or the records of the original creditors, was primarily for personal, family, or household purposes (v) during the one year period prior to the date of filing this action.

**NCPA CLASS**

30. This action is brought as a class action on behalf of a class defined as: (i) all persons with addresses in Nebraska (ii) to whom Defendants sent, or

caused to be sent, a county court collection complaint in the form of <u>Exhibit A</u> (iii) in an attempt to collect an alleged obligation (iv) which, as shown by the nature of the alleged obligation, Defendants' records, or the records of the original creditors, was primarily for personal, family, or household purposes (v) during the four years period prior to the date of filing this action.

31. On information and belief based on Defendants' use of complaints in the form of <u>Exhibit A</u> the class is so numerous that joinder of all members is impractical.

32. There are questions of law and fact common to the class which predominate over any issues involving only individual class members. The principal questions are whether Defendants' county court collection complaints in the form of <u>Exhibit A</u> violate 15 U.S.C. § 1692e, § 1692e(2)(A), § 1692e(2)(B), § 1692e(5), § 1692e(9), § 1692e(10), § 1692f, § 1692f(1), and § 1692g(a)(4) and (5).

33. Plaintiff's claims are typical of the class members. All are based on the same facts and legal theories.

34. Plaintiff will fairly and adequately represent the interests of the class members.

35. Plaintiff has retained counsel experienced in class actions and debt collection abuse cases.

36   A class action is superior to other available methods for the fair and

efficient adjudication of the controversy. Individual cases are not economically feasible.

37.     Certification of the Class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that:

>   (a)     The questions of law or fact common to the members of the Class predominate over any questions affecting only individual members; and

>   (b)     A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

38.     Certification of a class pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate. Defendants have acted in a uniform manner toward the class thereby making injunctive and declaratory relief appropriate pursuant to the NCPA.

39.     Plaintiff requests the Court to certify a hybrid class combining the elements of Rule 23(b)(3) for monetary damages and Rule 23(b)(2) for equitable relief.

## VII.   COUNT I -- FAIR DEBT COLLECTION PRACTICES ACT

40.     Plaintiff repeats, realleges and incorporates by reference the foregoing paragraphs.

41.     Defendants' county court collection complaint in the form of Exhibit A violates 15 U.S.C. § 1692e, § 1692e(2)(A), § 1692e(2)(B), § 1692e(5), 1692e(9),

§ 1692e(10), § 1692f, § 1692f (1), and § 1692g(a)(4) and (5).

**WHEREFORE**, Plaintiff prays that this Court certify the class and enter judgment for Plaintiff and the class members against the Defendants:

(a) Awarding actual damages, including disgorgement and refund of any amounts collected as a result of collecting attorneys' fees without following the statutory requirements, with interest;

(b) Awarding damages to the Plaintiff and the class as provided by 15 U.S.C. § 1692k(a)(2);

(c) Awarding Plaintiff and the class their costs and reasonable attorneys' fees;

(d) Declaring the challenged practices herein to be unlawful under the Act; and

(e) Granting such other and further relief as may be deemed just and proper.

## VIII. COUNT II – CONSUMER PROTECTION ACT

42. Plaintiff incorporates by reference the allegations contained above as if the same were here set forth at length.

43. Each Defendant is a "person" engaged in "Trade or Commerce" as those terms are contemplated in the Consumer Protection Act, Neb.Rev.Stat. § 59-1601.

44. Defendants' acts of misrepresenting the nature of the alleged account in Exhibit A for the purpose of obtaining attorneys' fees constitute unfair or deceptive acts or practices, in violation of Neb.Rev.Stat. § 59-1602. The collection of any amounts as a result of said acts also constitute unfair or deceptive acts or practices, in violation of Neb. Rev. Stat. § 59-1602.

45. Defendants' act of failing to inform the recipient of their NOTICE that in order to obtain verification of the alleged debt or the identity of the original creditor the request or dispute must be "in writing" pursuant to 15 U.S.C. § 1692g(a)(4) and (5) constitute unfair or deceptive acts or practices, in violation of Neb.Rev.Stat. § 59-1602. The collection of any amounts as a result of said acts also constitute unfair or deceptive acts or practices, in violation of Neb.Rev.Stat. § 59-1602.

46. These violations cause financial injury to the Plaintiff and the Class thus bringing this claim is in the public interest.

WHEREFORE, Plaintiff requests that judgment be entered for himself and the class against Defendants for:

    A.    Damages pursuant to Neb.Rev.Stat. §59-1609;

    B.    Injunctive relief pursuant to the NCPA;

    C.    Declaratory relief that Defendants' practices violate the NCPA;

    D.    Costs and attorneys' fees pursuant to Neb.Rev.Stat. §59-1609;

  E. Actual damages for the class; and

  F. Such other relief as the Court deems just and equitable.

## IX. JURY DEMAND

Plaintiff John Larsen demands a trial by jury of all claims so triable in Omaha, Nebraska.

September 25, 2017

    John Larsen, on behalf of himself and all others similarly situated, Plaintiff,

    By: */s/ Pamela A. Car*
     Pamela A. Car, #18770
     William L. Reinbrecht, #20138
     Car & Reinbrecht, P.C., LLO
     8720 Frederick Street, Suite 105
     Omaha, NE 68124
     1 (402) 391-8484
     Fax: 1 (402) 391-1103
     E-mail: pacar@cox.net

    and

    O. Randolph Bragg
    Horwitz, Horwitz& Associates
    25 East Washington Street, Suite 900
    Chicago, Illinois 60602
    (312) 372-8822
    (312) 372-1673 (facsimile)
    rand@horwitzlaw.com

    ATTORNEYS FOR PLAINTIFF
    AND THE PUTATIVE CLASS