IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOHN LARSEN, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>NATIONAL ACCOUNT SYSTEMS OF OMAHA, LLC and MATTHEW P. SAATHOFF,<br><br>Defendants. | 8:17CV356<br><br>ORDER |

This matter is before the Court on plaintiff John Larsen's ("Larsen") motion to extend (Filing No. 21) the deadline for Larsen to respond to defendants National Account Systems of Omaha, LLC and Mathew P. Saathoff's (collectively, "defendants") joint motion to dismiss or certify questions to the Nebraska Supreme Court (Filing No. 14). Larsen also moves the Court to convert the defendant's dismissal motion into a summary-judgment motion pursuant to Federal Rule of Civil Procedure 12(d) and to extend the time for discovery under Federal Rule of Civil Procedure 56(d)(2) (Filing No. 20). As Larsen sees it, the defendants' motion must be converted to a summary-judgment motion because the "Defendants' Motion is based entirely on materials outside the pleadings as well as inaccurate and unwarranted inferences and conclusions drawn from these affidavits and documents, which [Larsen] must rebut."

Larsen's response to the defendants' motion is currently due November 27, 2017. According to Larsen, he needs "additional time to conduct discovery" to adequately respond to the defendants' motion because "the information necessary to oppose" the defendants' motion "is only in the possession of the Defendants and is not readily available to [Larsen] without discovery." Larsen requests an additional sixty days or until January 27, 2018, to respond.

The defendants counter that Larsen "has not shown good cause to justify such an extraordinary extension." In the defendants' view, granting such an extension would defeat the primary purpose of their motion to dismiss—allowing them to proceed with pending state-court litigation "without fear of continued federal lawsuits." Having proposed to Larsen an extension of two weeks before he filed the present motions, the defendants now request "that the Court limit any extension of [Larsen's] time to respond to the motion to dismiss to <u>less than</u> one month."

The defendants also maintain that their dismissal motion need not be converted into a summary-judgment motion. According to the defendants, the materials they submitted in support of their motion to dismiss consist of unpublished court orders, matters of public record, and matters necessarily embraced by the pleadings. *See*, *e.g.*, *Greenman v. Jessen*, 787 F.3d 882, 887 (8th Cir. 2015). The defendants suggest that if a credible dispute exists with respect to the authenticity of any of those documents, the Court should decide their motion to dismiss without them and without any other documents that would require the Court to convert their motion under Rule 12(d).

Finally, the defendants challenge Larsen's assertion that the matters raised in their motion require immediate discovery. The defendants acknowledge that some of the issues Larsen raises "may be legitimate subjects for discovery" if his claims survive dismissal but contend those issues "are not matters raised by <u>Defendants</u> through the Index to their motion to dismiss." As an alternative to granting an extension, the defendants request that the Court order the parties to meet and confer on these issues.

Although the Court is not currently persuaded that the defendants' motion to dismiss necessarily depends on matters outside the pleadings or that discovery is absolutely necessary to effectively respond to that motion, the Court will extend the deadline by which Larsen has to respond to the defendants' motion to dismiss to December 27, 2017. At this early stage, the Court will deny Larsen's motion to convert the defendants' motion to dismiss to a motion for summary judgment and to extend time

for discovery under Rule 56(d)(2), subject to reassertion at a later time.  Both parties have indicated the Court could fairly decide the motion to dismiss by excluding at least some of the defendants' supporting materials.

Aside from granting Larsen additional time as requested, the Court declines to weigh in on the discovery issues presented by Larsen's motions at this time.  Larsen requests "leave to conduct the discovery for the purposes detailed in" his motion, but concedes he did not confer with opposing counsel "before moving for the Court's order."  Indeed, it appears the parties have neither conferred with each other on the need for discovery on these issues (or its proper scope) nor attempted to resolve any differences between them.  *See* NECivR 7.1(i) ("To curtail undue delay in the administration of justice, this court only considers a discovery motion in which the moving party, in the written motion, shows that after personal consultation with opposing parties and sincere attempts to resolve differences, the parties cannot reach an accord.").  Accordingly,

IT IS ORDERED:
1. Plaintiff John Larsen's motion to extend (Filing No. 21) is granted in part and denied in part.  Larsen shall file any responsive brief to the defendants' motion to dismiss on or before December 27, 2017.  Any reply of the defendants shall be filed by January 3, 2018.
2. Larsen's motion to convert and motion to extend time for discovery under Rule 56(d)(2) (Filing No. 20) is denied, subject to reassertion at a later time.
3. The parties are ordered to meaningfully and in good faith confer with each other to resolve any discovery issues raised in Larsen's motions.

Dated this 21st day of November, 2017.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge